UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARNELL LEON JONES,<br><br>                     Plaintiff,<br><br>        v.<br><br>ALL COPS SINCE 1992 to 96, 1971 to 1996 to no NYC ALL COPS, ALL OTHER STATE 49 OTHER STATES, and ALL COPS & SHERIFFS,<br><br>                     Defendants. | **MEMORANDUM & ORDER**<br>22-CV-6493 (HG) (LB) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Tarnell Leon Jones is currently incarcerated by the State of Colorado in San Carlos Correctional Facility and had filed this lawsuit purporting to assert claims under 42 U.S.C. § 1983. ECF. No. 1 at 1. Plaintiff seeks to proceed *in forma pauperis* ("IFP"). However, his application to proceed *in forma pauperis* is denied because Plaintiff is barred from filing any new IFP action while a prisoner under the "three strikes" provision of 28 U.S.C. § 1915(g).

28 U.S.C. § 1915(g) bars prisoners from proceeding *in forma pauperis* after three or more previous claims have been dismissed as frivolous, malicious or for failure to state a claim. Section 1915(g), commonly known as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez,* 140 S. Ct 1721, 1723 (2020) ("Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without."); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (upholding constitutionality of Section 1915(g)); *see also Carolina v. Rubino*, 644 F. App'x 68, 72 (2d Cir.

Mar. 25, 2016) (finding that of Section 1915(g) does not violate the Constitution's equal protection clause).

Here, a review of the Public Access to Court Electronic Records (PACER), a national database of cases filed in the federal courts, reveals that Plaintiff has filed at least 23 civil cases in multiple courts across the country.[1]  While incarcerated, Plaintiff has had three or more prior prisoner actions or appeals dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted.[2]  Plaintiff does not allege that he is under imminent danger or serious physical harm as is required by Section 1915(g).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied and this case is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).  If Plaintiff wishes to reassert his claims, he must file a new action and pay the $402.00 filing fee to the Clerk of Court of the Eastern District of New York.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                              */s/ Hector Gonzalez*
                                              HECTOR GONZALEZ
                                              United States District Judge

Dated: Brooklyn, New York
        October 28, 2022

---

[1]     See PACER Case Locator, https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=9419ac015ee54b19aec5d116265cf4fd (last visited October 28, 2022).

[2]     See *Jones v. NYPD, et al.*, No. 22-cv-4995, 2022 WL 6807461, at *3 (S.D.N.Y. Oct. 11, 2022) (dismissing complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); *Jones v. All States, et al.*, No. 22-cv-3528, 2022 WL 4586311, at *4 (E.D.N.Y. Sept. 29, 2022) (dismissing complaint as frivolous under 28 U.S.C. §1915A(b)); *Jones v. NYC State & DOC*, No. 22-cv-4675, 2022 WL 4485285, at *2 (S.D.N.Y. Sept. 26, 2022) (dismissing complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)).